UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PLEASURE COVE RESORT ASSET MANAGEMENT GROUP, LLC,

No. 05-14070

Debtor(s).
_____/

PLEASURE COVE RESORT ASSET MANAGEMENT GROUP, LLC,

Plaintiff(s),

v.

A.P. No. 06-1046

UNITED STATES OF AMERICA, et al.,

Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

Prior to its Chapter 11 filing, debtor and plaintiff Pleasure Cove Resort Asset Management Group, LLC, operated a resort on Lake Berryessa on land owned by the Unites States and administered by the Bureau of Reclamation of the Department of the Interior. The concession agreement between the debtor and the Bureau of Reclamation required the debtor to post a $750,000.00 performance bond to assure removal of improvements at the end of the agreement's term. When the debtor failed to post the bond, the Bureau seized the resort.

1

Before it filed its Chapter 11 petition, the debtor filed an administrative appeal to the Department of the Interior Office of Hearings and Appeals seeking to obtain either its resort or compensation for its seizure. It then filed its bankruptcy petition and commenced this adversary proceeding seeking in essence the same relief. The Bureau of Reclamation has filed a motion to dismiss, arguing the "doctrine of primary jurisdiction."

The doctrine of primary jurisdiction has limited applicability in bankruptcy cases. While it is usually better to leave specialized issues to specialized courts and administrative bodies, the demands of a particular case can easily outweigh the desire to have a dispute resolved in the ordinary manner outside of bankruptcy court. Survival of a debtor often depends on prompt adjudication of disputes outside of the normal process. Adjudication by the bankruptcy court is often compelled by concerns over the impact of a case on the local economy. For this reason, bankruptcy court jurisdiction is exhaustive and permits the bankruptcy court to hear a wide variety of matters without requiring exhaustion of administrative remedies and notwithstanding other statutory jurisdictional restrictions. See *In re Town & Country Home Nursing Services, Inc*., 112 B.R. 329, 334-35 (9th Cir.BAP 1990).

However, in this case the deed is done. The debtor is entirely out of business and has no employees. Its Chapter 11 "plan" is merely to pursue litigation against the Bureau of Reclamation and pay any recovery to its creditors. There is no compelling reason, or any reason at all, for this court to become involved in the dispute. Contrary to the debtor's arguments, there are no substantial bankruptcy issues involved in the complaint. The original complaint contained no bankruptcy issues whatsoever, and the amended complaint added only a brief claim that the seizure amounted to a fraudulent conveyance. These issues can be handled as easily by the Court of Claims as this court, and justice will be best served by allowing the normal claims process to go forward.

For the foregoing reasons, the court elects to abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1). Counsel for the Bureau shall submit a form of order dismissing this adversary proceeding without prejudice.

Dated: July 10, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

3